UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK ANDERSON,

        Petitioner,

v.                                        Case Number: 07-cv-12898

                                            HONORABLE STEPHEN J. MURPHY, III

RAYMOND BOOKER,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND AN APPLICATION FOR LEAVE TO PROCEED ON *APPEAL IN FORMA PAUPERIS***

Petitioner Frank Anderson, a state inmate currently confined at the Ryan Correctional Facility in Detroit, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights.  In 1985, Anderson pleaded guilty to attempting to unlawfully drive away an automobile, Mich. Comp. Laws § 750.413, in Washtenaw County, Michigan, circuit court, and was sentenced to one- to two-and-one-half years in prison.  In his *pro se* pleadings, Anderson alleges that he did not file any appeals regarding his plea-based conviction with the Michigan state courts because the trial court failed to inform him of his right to appeal and his right to appointment of appellate counsel.  Respondent argues in his answer that Anderson's petition was not timely filed under 28 U.S.C. § 2244(d)(1) and/or the Court lacks subject-matter jurisdiction.  For the reasons stated below, the Court denies Anderson's habeas petition.  The Court also declines to issue a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**BACKGROUND**

In 1989, Anderson was discharged from prison, having completed his sentence regarding his 1985 plea-based conviction, along with another sentence on an unrelated conviction. Subsequently, in 1991, Anderson pleaded guilty in the Wayne County, Michigan, circuit court to four counts of armed robbery, Mich. Comp. Laws § 750.529, and one count of felony firearm, Mich. Comp. Laws § 750.227b. He was sentenced as a habitual offender, third, to (1) two terms of twenty-five- to fifty-years imprisonment for two of the armed-robbery convictions, (2) two terms of sixty- to ninety-years imprisonment for the other two armed-robbery convictions, and (3) the mandatory two-years imprisonment for the felony-firearm conviction. The Michigan Court of Appeals affirmed Anderson's convictions and sentences on March 25, 1994. *People v. Anderson*, No. 146957 (Mich. Ct. App. Mar. 25, 1994). The Michigan Supreme Court denied Anderson's subsequent application for leave to appeal because it was untimely.

On July 11, 2007, Anderson filed this habeas petition, raising the following claim:

I. Petitioner was denied his Sixth Amendment right to appeal and have appellate counsel appointed.

**STANDARD OF REVIEW**

Habeas petitions, filed after April 24, 1996, are governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (April 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Anderson filed his petition on July 11, 2007, and, therefore, the AEDPA applies to his case. The AEDPA states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

Under (d)(1), a federal court may grant a writ of habeas corpus under two different clauses, both of which provide two bases for relief. Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The words "contrary to" is construed to mean "diametrically different, opposite in character or nature, or mutually opposed." *Id.*

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions but unreasonably applies that principle to the facts. *Williams*, 529 U.S. at 407-08. Relief is also available under this clause if the state-court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state-court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S. at 407; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state-court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Dickens v. Jones*, 203 F.Supp. 354, 359 (E.D. Mich. 2002).

## DISCUSSION

A.   <u>In-Custody Requirement</u>

In his single habeas claim, Anderson contends that the trial court denied him his

4

Sixth Amendment right to appellate counsel because it never informed him of his right to appeal his 1985 conviction. He is seeking relief from this Court because the 1985 conviction was used as a basis to enhance his sentences on his subsequent 1991 convictions under Michigan's habitual offender statute.

A federal court may only entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a sentence has fully expired, a habeas petitioner is no longer "in custody" for the offense and thus cannot file an application for habeas relief from that conviction. *Maleng v. Cook*, 490 U.S. 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

A prisoner need not be physically confined in jail or prison to challenge his conviction or sentence in a habeas corpus proceeding. *See Mabry v. Johnson*, 467 U.S. 504, 506 n. 3 (1984) (prisoner's § 2254 action was not moot despite the fact that he had been paroled) (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)); *see also Garlotte v. Fordice*, 515 U.S. 39, 45-47 (1995) (prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until all the consecutive sentences have been served). The United States Supreme Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are *'in custody* in violation of the Constitution or laws or treaties of the United

5

States.'"  *Id.* at 490 (quoting 28 U.S.C. § 2241(c)(3)).

In this case, Anderson has fully served his sentence for the 1985 conviction at issue. Thus, he is no longer in custody pursuant to that conviction and the Court lacks subject matter jurisdiction over his claim.

Nonetheless, to the extent that Anderson asserts that the challenged 1985 conviction was used to enhance his current sentence, he satisfies the "in custody" requirement and the Court has jurisdiction over his claim. *See Lackawanna Co. Dist. Atty. v. Coss*, 532 U.S. 394, 401-04 (2001). The *Coss* Court stated:

> The first showing a § 2254 petitioner must make is that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). In *Maleng v. Cook*, *supra*, we considered a situation quite similar to the one presented here. In that case, the respondent had filed a § 2254 petition listing as the " 'conviction under attack' " a 1958 state conviction for which he had already served the entirety of his sentence. 490 U.S., at 489-490, 109 S.Ct. 1923. He also alleged that the 1958 conviction had been "used illegally to enhance his 1978 state sentences" which he had not yet begun to serve because he was at that time in federal custody on an unrelated matter. *Ibid.* We determined that the respondent was "in custody" on his 1978 sentences because the State had lodged a detainer against him with the federal authorities. *Id.*, at 493, 109 S.Ct. 1923.
>
> We held that the respondent was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. *Id.*, at 492, 109 S.Ct. 1923. We acknowledged, however, that because his § 2254 petition "[could] be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, . . . respondent . . . satisfied the 'in custody' requirement for federal habeas jurisdiction." *Id.*, at 493-494, 109 S.Ct. 1923.
>
> Similarly, Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions. Coss is, however, currently serving the sentence for his 1990 conviction. Like the respondent in *Maleng*, Coss' § 2254 petition can be (and has been) construed as "asserting a challenge to the [1990] senten[ce], as enhanced by the allegedly invalid prior [1986] conviction." *Id.*, at 493, 109 S.Ct. 1923. *See also supra*, at 1572. Accordingly, Coss satisfies § 2254's "in custody" requirement. *Cf. Daniels,*

*post*, at 383, 384, n. 2, 121 S.Ct. 1578 (stating that the text of § 2255, which also contains an "in custody" requirement, is broad enough to cover a claim that a current sentence enhanced by an allegedly unconstitutional prior conviction violates due process).

In this case, Anderson has not previously filed a federal habeas petition challenging his 1985 conviction. Accordingly, the legality of his detention resulting from his 1985 conviction has not been determined by a court of the United States in a § 2254 petition. *See* 28 U.S.C. § 2244(a). Like *Coss*, Anderson's § 2254 petition can be construed as "asserting a challenge to the [1991] senten[ces], as enhanced by the allegedly invalid prior [1985] conviction." *Coss*, 532 U.S. at 401-04. Thus, because Anderson previously filed a habeas petition challenging the 1991 convictions for which he is currently incarcerated, *Anderson v. Booker*, No. 05-CV-60246 (E.D. Mich. June 1, 2006) (dismissed as untimely), this petition could be considered a second or successive petition. The United States Court of Appeals for the Sixth Circuit has determined that a transfer to the appropriate court of appeals is unnecessary under such circumstances. *See In re Archie D. Baker*, No. 05-2171 (6th Cir. Feb. 1, 2006).

Assuming therefore that the Court has jurisdiction over this matter and that it is not a second or successive petition subject to transfer, the Court nonetheless dismisses the petition for failure to comply with the one-year statute applicable to federal habeas actions.

B. <u>Statute of Limitations</u>

On April 24, 1995, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et. seq.*, became effective. The provisions of the AEDPA govern this case because Anderson filed his habeas petitioner after the effective

7

date of that statute. *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year limitations period for the filing of federal habeas petitions. The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Anderson's 1985 conviction became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001) (citing *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir.1999), *vacated on other grounds*, 530 U.S. 1257 (2000)). Accordingly, Anderson was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or

collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Anderson did not file a state-court motion for relief from judgment challenging his 1985 conviction prior to April 24, 1997. The only action that Anderson has taken with respect to his 1985 conviction is having filed this habeas petition on July 11, 2007, more than ten years after the April 24, 2007 deadline.

Anderson does not allege that the state created an impediment to the filing of his habeas petition, nor does he allege or establish that his habeas claims are based upon newly-discovered facts or newly-recognized constitutional rights. His habeas action is thus untimely under 28 U.S.C. § 2244(d).

1. Equitable Tolling

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming but not deciding that equitable tolling applies to federal habeas actions); *see also Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

In *Dunlap*, the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas-limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). The five parts of this test are as follows: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of

prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008. Equitable tolling should only be granted sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Anderson is not entitled to equitable tolling in this case. He has failed to establish that he lacked notice, constructive or otherwise, of the filing requirement, or that his lack of notice or ignorance was reasonable, and he has failed to show that he diligently pursued his rights. The fact that he is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling).

    2.    <u>Actual Innocence</u>

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations as set forth in 28 U.S.C. § 2244(d)(1). *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-38 (2006) (reiterating that a habeas court must consider all the evidence, new and old, exculpatory and inculpatory, in determining an actual innocence exception to a procedural bar). Here, Anderson has made no such showing.

Against that backdrop, the Court finds that Anderson's habeas petition is therefore

untimely.

### C.    Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the Court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Anderson's petition, and thus the Court will not issue a COA. Nor should Anderson be granted leave to proceed on appeal *in forma*

11

*pauperis*.  *See* Fed. R. App. P. 24(a).

## CONCLUSION

For the reasons stated, the Court concludes that Anderson's habeas petition is untimely.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Anderson a certificate of appealability and an application for leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

        s/Stephen J. Murphy, III
        Stephen J. Murphy, III
        United States District Judge

Dated:  October 7, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 7, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager